## CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Alex D. Allison and
Allison Trucking Co.

v.

Bobby W. Davis,
Administrator, etc.

August 13, 1996

Case No. CL95-156

BY JUDGE WILLIAM H. LEDBETTER, JR.

The question presented is whether the uninsured motorist carrier should be precluded from participating in the defense of this claim because it has failed to file responsive pleadings. For the reasons explained below, the court holds that the carrier may defend the claim.

*Summary of the Facts*

This action arises from a motor vehicle accident that occurred on June 5, 1993, on I-95 near Fredericksburg. An automobile driven by William Lewis Jesse collided with a tractor-trailer operated by Alex D. Allison. Tony Allison and his son, Antonio Cummings, were passengers in the truck. The tractor unit was owned by Allison Trucking Company. The tractor was pulling a trailer owned by Air Freight Transfer & Delivery, Inc., under an exclusive operating agreement.

All three occupants of the tractor-trailer were injured, and the tractor was destroyed. Jesse, an uninsured motorist, was killed.

As a result of the accident, the three occupants of the truck and the owner of the destroyed tractor filed actions in this court against the administrator of Jesse's estate.

This case, # CL95-156, was brought by Alex D. Allison for personal injuries and by Allison Trucking Company for property damage. In # CL95-157, Tony Allison seeks recovery for personal injuries; in # CL95-158, Antonio Cummings seeks recovery for personal injuries.

Meanwhile, all of the plaintiffs in these cases instituted a separate declaratory judgment action to determine the availability and priority of uninsured motorist coverage. In *Allison v. Fireman's Fund* (CL94-69) (mis-labelled in various pleadings as # CL94-72), the court ruled that Fireman's Fund (Air Freight's carrier) provides primary coverage for all three personal injuries and the property damage and that the coverage is $60,000.00. The court also held that Allstate (Tony Allison's insurer) provides secondary coverage and med-pay coverage for Tony Allison and his son, Antonio Cummings. The court further held that Integon (insurer of Alex D. Allison's mother, with whom he resided) affords secondary coverage, as well as med-pay coverage in the amount of $2,000.00 for Alex D. Allison. An order was entered memorializing the court's rulings in that case. That decision is now final.

Subsequent to the court's rulings in the declaratory judgment action, Fireman's Fund, without objection, paid the total of its $60,000.00 coverage into court by interpleader in the three pending cases. (Interpleader orders were entered on June 24, 1996, and the money was receipted by the clerk on June 25, 1996.)

The defendant filed responsive pleadings in all three of the pending cases. Those pleadings were filed in the name of the administrator of Jesse's estate by counsel retained by Progressive Northwestern Insurance Company. When it was determined during the course of the declaratory judgment litigation that Progressive provides no coverage in the matter, counsel retained by Progressive to defend the claims withdrew. A withdrawal order was entered in each of the three cases on June 24, 1996.

The plaintiffs filed motions for summary judgment in all three cases. In each motion, the plaintiffs argued that Progressive's counsel had withdrawn from the case; that no one has "come forward" to defend the claims; that there is no dispute as to liability; and that there is no genuine issue as to damages, or at least no question that they exceed in the aggregate the $60,000.00 paid into court by Fireman's Fund.

The motions were heard, pursuant to notice, on June 24, 1996. Fireman's Fund, having paid the total amount of its coverage into court, did not appear. Allstate, which provides secondary coverage for Tony Allison and Antonio Cummings in # CL95-157 and # CL95-158, respectively, did

not appear. Accordingly, summary judgments were granted in those two cases on the issue of liability, and the two cases were set for trial, without jury, on October 3, 1996, at 9:00 a.m., on the issue of damages.

In # CL95-156, counsel for Integon appeared and opposed the motion. The court heard arguments and denied the motion for summary judgment. The case was set for trial with jury on January 9, 1997.

Counsel for the plaintiffs also argued that Integon should be precluded from defending the claim because it has filed no responsive pleading or taken any other action in the case. The court gave counsel the opportunity to submit memoranda. Memoranda have been filed. This opinion addresses the issue.

## *Decision*

The critical fact, perhaps the dispositive fact, in evaluating the plaintiffs' motion in this case is that the defendant has filed a responsive pleading. Not Fireman's Fund, not Progressive, not Allstate, but the administrator of Jesse's estate, the named defendant, filed grounds of defense denying liability. That pleading has not been amended, objected to, stricken, or withdrawn. Granted, Progressive retained counsel to file that pleading and later withdrew. The fact remains, nonetheless, that the defendant has filed a proper response denying liability and therefore is not in default. Simply because a party is without counsel of record at a particular stage in the case does not entitle the other party to summary judgment.

As for the alternative argument, that counsel supplied by Integon should not be permitted to defend the claim, the critical point is that an uninsured motorist carrier has statutory rights independent of those of the uninsured motorist. If the uninsured motorist/tortfeasor chooses not to resist the claim, or even if he were to decide to admit liability, the uninsured motorist carrier would be entitled to participate in the defense in order to protect its interest. Virginia Code § 38.2-2206(f); *State Farm v. Cuffee*, 248 Va. 11 (1994).

Conceding that the uninsured motorist carrier may have independent statutory rights, the plaintiffs contend that the insurer must *do* something to be entitled to exercise those rights in litigation. Specifically, the insurer must exercise its rights under § 38.2-2206(f) by filing a pleading either in its own name or in the name of the uninsured motorist. Otherwise, they say, the carrier has "waived such right of participation."

The court rejects that argument. As emphasized above, the uninsured motorist has filed a responsive pleading denying liability, and that plead-

ing has not been amended, objected to, stricken, or withdrawn. To require that Integon file another responsive pleading for the defendant would be to compel a needless and superfluous act. To require Integon to file a responsive pleading in its own name would violate the letter and spirit of § 38.2-2206(f).

"Counsel of record" in a case includes an attorney who has signed a pleading or who has notified the court and the other parties in writing that he appears in the case. Rule 1:5. In this case, counsel retained by Integon has appeared at all stages of the proceedings, has been noticed by the plaintiffs on all motions, has endorsed the order entered herein, and has participated in the declaratory judgment action that established Integon's interests vis-a-vis other insurers in this litigation. Counsel retained by Integon has not suddenly emerged from the shadows on the eve of trial to defend a claim that the plaintiffs thought would go uncontested. The court is of the opinion that counsel retained by Integon is "counsel of record" in this case.

The only thing missing with respect to full compliance with Rule 1:5 is a determination of the identity of the person or entity for whom Integon's counsel appears. Although counsel has made an appearance as "counsel of record," it is not clear *for whom* counsel appears. The plaintiffs and the court are entitled to know that.

Therefore, counsel retained by Integon is directed to notify the clerk and the other parties, in writing, within fourteen days after entry of the order memorializing this opinion whether counsel is appearing for Integon or is defending the claim in the name of the uninsured motorist.

In all other respects, the plaintiff's motion is without merit and will be denied.